# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

OLUWATOSIN OGUNBEKUN,

                                Plaintiff,

        v.                                            REPORT &
                                                      RECOMMENDATION
                                                      15-cv-6332-CJS-JWF

TOWN OF BRIGHTON, et al.,
                        Defendants.

## Factual Background

On May 28, 2015, Ibukun Ogunbekun ("Mr. Ogunbekun") filed a
pro se complaint alleging civil rights violations on behalf of his
daughter, Oluwatosin Ogunbekun ("plaintiff"), who he described as
"intellectually disabled."   Compl. (Docket # 1), at ¶ 5.    The
complaint alleged that in May 2012, the police were called to a
neighborhood in Brighton, New York, where plaintiff was playing
with a basketball, because of reports that plaintiff was mentally
disturbed.   According to the complaint, the police harassed
plaintiff, handcuffed her, and smashed her head on ground, causing
injuries.   Docket # 1, at ¶¶ 12-17.   Plaintiff was taken to the
hospital for medical treatment and was charged with resisting
arrest.   The criminal charges were subsequently dismissed.   The
original complaint was brought against the Town of Brighton, the
Brighton Town Police Department, and John Doe Brighton Police
officers for violations of plaintiff's Fourth Amendment rights
pursuant to 42 U.S.C. § 1983.

## Procedural History

This litigation has generated a convoluted procedural history. In June 2015, Judge Siragusa *sua sponte* dismissed plaintiff's original complaint because Mr. Ogunbekun is not an attorney and therefore could not legally represent his daughter's interests in this action. *See* Docket # 3. Several weeks later, plaintiff elected to proceed *pro se* and filed an amended complaint. *See* Docket # 4. Except for plaintiff's own signature (rather than her father's), the amended complaint appears identical to the original complaint. The Town of Brighton and the Brighton Police Department (collectively, "defendants") answered plaintiff's amended complaint on July 15, 2015. *See* Docket # 5.

On November 25, 2015, attorney Oluyomi Faparusi, Sr. entered a notice of appearance on behalf of plaintiff. *See* Docket # 13. That same day, the Court held a scheduling conference and issued a scheduling order. *See* Docket # 14. In August 2017, the parties requested, and the Court granted, an amended scheduling order. Docket # 19.

On July 13, 2018 – nearly three years after his initial appearance as counsel of record – attorney Faparusi filed a sealed motion to withdraw as counsel for plaintiff citing difficulties with plaintiff's father, Mr. Ogunbekun, who claimed to be plaintiff's legal guardian. *See* Docket # 25. The Court agreed to

grant Mr. Faparusi's motion to withdraw as soon as new counsel filed a notice of appearance.  Docket # 26.  The Court also requested – and plaintiff's father provided – orders from New York and Virginia courts appointing Mr. Ogunbekun as plaintiff's legal guardian. See Docket # 36-2, at 33-40.  On August 17, 2018, Rafael Gomez of the law firm Gomez & Becker LLP filed a notice of appearance on plaintiff's behalf.  See Docket # 27.  Accordingly, the Court formally granted Mr. Faparusi's motion to withdraw.  See Docket # 28.

On December 15, 2018, the parties filed a stipulation requesting that plaintiff be permitted to file a second amended complaint that would substitute Mr. Ogunbekun "as Limited Conservator for the Estate of Oluwatosin Ogunbekun, an Incapacitated Person as Plaintiff" in this case.  Docket # 34; see Docket # 32; Docket # 32-1; Docket # 33.  On December 31, 2018, before the Court could approve the stipulation amending the caption, plaintiff filed a motion to amend the second amended complaint, even though it was not yet the operative pleading. Docket # 36.  The putative third amended complaint would remove the John Doe defendants and substitute Officers Knutowicz and Stickles, both of whom were identified in the original complaint but not specifically named as defendants in the case caption.  The third amended complaint appears to be virtually identical to the original complaint in all other respects.  Defendants responded to

the motion to amend on January 16, 2019 (Docket # 38) and plaintiff
replied on January 23, 2019 (Docket # 39).

The Court held oral argument on April 12, 2019, and reserved
decision on the motion.

## Discussion

Motion to Amend Complaint:    The Court will first address
plaintiff's motion to for leave to file a "Third Amended
Complaint".    A copy of the proposed pleading is annexed to
plaintiff's moving papers.    According to plaintiff, the "proposed
Third Amended Complaint simply seeks to amend the caption to
replace the individuals currently named as 'John Doe' with Officer
Renee Stickles and Officer Julie Knutowicz, and include minimal
formal pleading revisions consistent with their inclusion."    See
Decl. of Brett D. Tokarczyk, Esq. (Docket # 36-1) at ¶ 20.    The
defendants oppose plaintiff's motion on the grounds that any claims
against Officers Stickles and Knutowicz are time barred and thus
futile.    See Decl. of Letty Laskowski, Esq. (Docket # 38) at ¶ 3.

To the extent plaintiff seeks to amend her complaint to add
new defendants, the Court agrees that such an amendment would be
futile as barred by the applicable statute of limitations.    In
actions alleging violations of 42 U.S.C. § 1983, the applicable
limitations period is three years, the same limitations period
applicable to personal injury actions in New York State.    Ormiston
v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997).    The instant motion to

4

Case 6:15-cv-06332-CJS-MJP    Document 42    Filed 07/31/19    Page 5 of 14

amend was filed well beyond the three-year limitation period.

Citing New York Practice Law and Rules ("CPLR") § 208, plaintiff argues that her proposed amendment is not time barred because "[p]laintiff has been under an ongoing mental disability" and thus the limitations period is subject to "equitable tolling." Mem. of Law in Support of Mot. to Amend (Docket # 36-3), at 9. "The burden of demonstrating the appropriateness of equitable tolling, however, lies with the plaintiff." Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000). Because "mental illnesses are as varied as physical illnesses," the Second Circuit has instructed that a "conclusory and vague claim, without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights, is manifestly insufficient to justify any further inquiry into tolling." Id. Here, no admissible medical evidence or expert opinion as to the nature or extent of plaintiff's disability or mental capacity was submitted in support of the motion to amend.[1]

---

[1] Plaintiff submitted two pages of what appears to be hospital medical records from Fairfax Hospital in Fairfax, Virginia. See Docket # 36-2, at 41-42. According to plaintiff's counsel, these two pages of medical records are sufficient to establish plaintiff's incapacity. See Reply Aff. of Brett D. Tokarczyk, Esq. (Docket # 39), at ¶¶ 5-10. The two pages of records are heavily redacted and appear to relate to an unexplained hospital admission in late March 2015. Plaintiff's counsel's claim that these two pages of excerpted and redacted hospital records establish plaintiff's "mental incapacity" pursuant to CPLR § 208 is untenable. See La Russo v. St. George's U. Sch. of Med., 936 F. Supp. 2d 288, 298 (S.D.N.Y. 2013), aff'd, 747 F.3d 90 (2d Cir. 2014) ("Courts have consistently held that a very high level of incapacity must be demonstrated before a plaintiff may successfully invoke Section 208.") (internal quotation and citation omitted) (collecting cases).

Accordingly, the Court declines to apply equitable tolling to plaintiff's claims. See also Mandarino v. Mandarino, 408 F. App'x 428, 430 (2d Cir. 2011) (assuming "without deciding, that federal law governs the equitable tolling of Appellant's federal claims and New York state law governs the equitable tolling of Appellant's New York state law claims, though Appellant's claim of error fails under either standard").

Plaintiff argues in the alternative that the allegations she seeks to add "relate back" to the filing of her original complaint pursuant CPLR § 1024.   As plaintiff correctly notes, because her claims are brought under § 1983, she is entitled to take advantage of the liberal relation back provisions of CPLR § 1024, which provides:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

N.Y. C.P.L.R. § 1024.

Thus, pursuant to CPLR § 1024, a plaintiff may commence a lawsuit against John Doe defendants and toll the statute of limitations as to the unnamed defendants provided that the plaintiff meets two requirements: (1) the plaintiff "exercise[d] due diligence, prior to the running of the statute of limitations,

to identify the defendant by name;" and (2) the plaintiff "describe[d] the John Doe party in such form as will fairly apprise the party that he is the intended defendant." Hogan v. Fischer, 738 F.3d 509, 517-519 (2d Cir. 2013) (internal quotations and citations omitted). In addition, "[t]here is also a third requirement, which arises from the interaction of CPLR [§] 1024 and CPLR [§] 306-b — the newly-named defendant must be served within 120 days of the filing of the complaint." DaCosta v. City of New York, 296 F. Supp. 3d 569, 584 (E.D.N.Y. 2017), reconsideration denied sub nom. DaCosta v. Tranchina, 285 F. Supp. 3d 566 (E.D.N.Y. 2018).

The foregoing pays tribute to the fact that plaintiff has not met the requirements of CPLR § 1024. First, it is clear that plaintiff was never "ignorant, in whole or in part, of the name or identity of a person who may properly be made a party" to her lawsuit as she named both of them in her original complaint. "[A] plaintiff may not designate a party as 'John Doe' under § 1024 if he has actual knowledge of the party's identity." Ceara v. Deacon, 68 F. Supp. 3d 402, 408 (S.D.N.Y. 2014); see Maurro v. Lederman, 7 Misc. 3d 863, 795 N.Y.S.2d 867, 870 (Sup. Ct. 2005) ("An explicit prerequisite to the use of CPLR [§] 1024 is plaintiff's ignorance of the defendant's name."). In addition, plaintiff's failure to serve Officers Stickles and Knutowicz within 120 days from the filing of the original complaint also precludes application of

7

CPLR § 1024. See Barrett v. City of Newburgh, 13-CV-4118 (NSR), 2017 WL 1102672, at *5, n.9 (S.D.N.Y. Mar. 23, 2017))("Pursuant to [CPLR] § 306-b, once a John Doe complaint is filed, a plaintiff must serve it on the correct defendant within one hundred twenty days after the commencement of the action.")(internal quotation and citation omitted) aff'd, 720 F. App'x 29 (2d Cir. 2017).    In sum, the plaintiff has not met the legal requirements for the specific grounds she invokes in seeking to add defendants to her complaint.    Accordingly, her motion to amend should be denied as futile.[2]

   Necessity of Amending the Complaint:  Although this Court is not convinced that plaintiff has legal grounds to amend her complaint, I am also not convinced she needs to.   As discussed with counsel during the motion hearing, the Court is puzzled by plaintiff's position that Officers Stickles and Knutowicz must be added to the caption to properly be considered as named defendants.

---

[2] Because my findings and conclusions regarding the futility of plaintiff's motion to amend the second amended complaint to add Officers Stickles and Knutowicz as defendants are case-dispositive with respect to them, my determinations are made as part of a Report and Recommendation and not a Decision and Order.  See Pusey v. Delta Airlines, Inc., No. 09-CV-4084 (ENV)(JO), 2011 WL 1215081 (E.D.N.Y. March 20, 2011) ("A magistrate judge's denial of leave to amend, when premised on futility, is a dispositive decision warranting de novo review of any objection to it."); Gomez v. Lempke, No. 09-CV-86A, 2010 WL 3834643, at *1 (W.D.N.Y. Sept. 29, 2010) (adopting Report and Recommendation to deny petitioner's Motion to Amend); HCC, Inc. v. RH&M Mach. Co., 39 F. Supp. 2d 317, 321-22 (S.D.N.Y. Jan. 19 1999) ("This Court is of the view that denial of leave to amend is a dispositive decision at least in situations where the denial is premised on futility."); see generally, 28 U.S.C. § 636(b)(1).  Plaintiff is advised to read carefully the supplemental order attached to this Report and Recommendation and comply with all time limits set forth therein regarding the procedures for filing objections to this Report and Recommendation.

Plaintiff's counsel has represented to the Court that "[b]oth Officer Stickles and Officer Knutowicz <u>were explicitly identified in the [original] complaint as the transgressing officers</u>, however, they were inadvertently omitted in the caption by the incapacitated Plaintiff's non-attorney father, who was attempting in good faith to act <u>pro se</u> on Plaintiff's behalf." <u>See</u> Aff. of Brett D. Tokarczyk, Esq. (Docket # 36-1) at ¶ 21 (emphasis added). That Officers Stickles and Knutowicz were not named in the caption of the original complaint is not dispositive of whether they are defendants in this action. As Judge Wolford recently explained:

> Although Rule 10(a) of the Federal Rules of Civil Procedure requires that every party to an action be named in a complaint's caption, the caption itself is normally not determinative of the identity of the parties or of the pleader's statement of claim." <u>Heicklen v. U.S. Dep't of Homeland Sec</u>., No. 10 CIV 2239 RJH JLC, 2011 WL 3841543, at *10 (S.D.N.Y. Aug. 30, 2011), <u>report and recommendation adopted</u>, No. 10 CIV. 2239 RJH JLC, 2011 WL 4442669 (S.D.N.Y. Sept. 23, 2011). "'The caption, pleadings, service of process and other indications of the intent of the pleader, are evidence upon which a district court will decide, in cases of doubt, whether an entity has properly been made a party to a lawsuit.'" <u>E.E.O.C. v. Int'l Ass'n of Bridge, Structural & Ornamental Ironworkers, Local 580</u>, 139 F. Supp. 2d 512, 525 (S.D.N.Y. 2001) (quoting Nationwide Mut. Ins. Co. v. Kaufman, 896 F. Supp. 104, 109 (E.D.N.Y. 1995)). "The substance of the pleadings, not the caption, determines the identity of the parties." <u>Mateo v. JetBlue Airways Corp.</u>, 847 F. Supp. 2d 383, 384 n.1 (E.D.N.Y. 2012).

<u>Houghtaling v. Eaton</u>, 6:14-CV-6416 EAW, 2018 WL 522342, at *3 (W.D.N.Y. Jan. 22, 2018); <u>see</u> <u>JCG v. Ercole</u>, No. 11 Civ. 6844 (CM)(JLC), 2014 WL 1630815, at *16 (S.D.N.Y. Apr. 24, 2014)

("[C]ourts have found pro se complaints to sufficiently plead claims against defendants not named in the caption when there are adequate factual allegations to establish that the plaintiff intended them as defendants."); Ocasio v. Riverbay Corp., No. 06 Civ. 6455, 2007 WL 1771770, at *7 (S.D.N.Y. Jun. 19, 2007) report recommendation adopted, 2007 WL 1771770 (S.D.N.Y. June 19, 2007) (finding text of complaint established individual as intended defendant despite not being named in the caption).

While Officers Stickles and Knutowicz were not specifically named in the caption of plaintiff's complaint, I agree with plaintiff that they were specifically named as being personally involved in the conduct that plaintiff complains of. The complaint alleges that plaintiff "was accosted by a police officer (identified as Reporting Officer Renee Stickles, also identified as 'R/O')." Docket # 1, at ¶ 10. The complaint goes on to allege that "R/O" [Stickles] committed the offending conduct. For example, the complaint alleges that the "R/O" first interacted with plaintiff, recognized plaintiff from previous police calls, and later made the decision to commence a mental health arrest on plaintiff, all of which plaintiff complains were improper. Docket # 1, at ¶¶ 10-14, 23. The complaint further alleges that after "R/O" initially tried to persuade plaintiff to return home, she called for reinforcements and "[t]he Brighton Police Department soon escalated and mismanaged the situation, drafting another

officer (Officer Knutowicz) to the scene." Docket # 1, at ¶ 15. The complaint goes on to refer to the police officers on scene as "the Officers." Plaintiff alleges that "the Officers banged [plaintiff's] head on concrete . . . causing bruising, laceration and bleeding." Docket # 1, at ¶ 16. And it was "[t]he Brighton police officers" who "lifted Ms. O (now handcuffed) from the ground and slammed her on the stretcher provided by the EMTs." Docket # 1, at ¶ 35. The complaint also singles out conduct by Officer Knutowicz, alleging that plaintiff "also suffered concussion [sic] from several blows to the head by Officer Knutowicz." Docket # 1, at ¶¶ 17, 34.

Thus, it certainly appears that the current operative complaint <u>already</u> sufficiently identifies Officers Stickles and Knutowicz as defendants, notwithstanding the absence of their names from the caption. Of course, identifying an individual as a defendant in a complaint is insufficient to confer personal jurisdiction. See <u>Walden v. Fiore</u>, 571 U.S. 277, 283 (2014) ("[A] federal district court's authority to assert personal jurisdiction in most cases is linked to service of process on a defendant."). The version of Rule 4(m) of the Federal Rules of Civil Procedure applicable at the time the original complaint was filed provides that a defendant ordinarily must be served with a summons and

complaint within 120 days[3] from the filing of the complaint.  If a plaintiff does not serve a defendant within the specified time period, "the court — on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

Despite that this case has been pending for four years, plaintiff never served Officers Stickles or Knutowicz.  Nor has plaintiff ever made a motion to extend the period for service of process.  Should plaintiff decide to file a motion for late service pursuant to Rule 4(m), the Court will determine the merits of that motion. See generally Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007).

## Conclusion

For the reasons set forth above, it is my Report and Recommendation that plaintiff's motion to amend (Docket # 36) be **denied**.  By stipulation of the parties, plaintiff's second amended

---

[3] Since then, Rule 4(m) has been amended to provide for 90 days for service of process. See Soos v. Niagara County, 195 F. Supp. 3d 458, 464 (W.D.N.Y. 2016). The Court notes that "[t]he 120 days runs from the filing of the complaint, and the statute of limitations for the underlying claim is tolled during that period." Frasca v. United States, 921 F.2d 450, 453 (2d Cir. 1990). But, "[i]f service is not complete by the end of the 120 days . . . , the governing statute of limitations again becomes applicable, and the plaintiff must refile prior to the termination of the statute of limitations period." Id.

complaint listing Mr. Ogunbekun as conservator is deemed the operative pleading in this action.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:     July **31** , 2019
           Rochester, New York

13

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72(b).

The district court will ordinarily refuse to consider on de novo review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "[w]ritten objections ... shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Local Rule 72(b) (concerning review of and objections to a Magistrate Judge's findings of fact and recommendations), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the Plaintiff and the attorneys for the Defendant.

SO ORDERED.

Jonathan W. Feldman
United States Magistrate Judge

Dated:    July 31, 2019
          Rochester, New York

14