UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

IBUKUN OGUNBEKUN, *as limited
Conservator for the Estate of
Oluwatosin Ogunbekun,*

                              Plaintiff,                          15-CV-6332 -CJS-MJP

vs

TOWN OF BRIGHTON, et al.,                                    DECISION and ORDER

                              Defendants.

_____

## INTRODUCTION

Now before the Court are two post-judgment motions:  A motion to withdraw as counsel, ECF No. 95, and a motion for relief from judgment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 60(b)(2)&(3), ECF No. 96.  The motion to withdraw is granted, and the motion for relief from judgment is denied.

## BACKGROUND

The reader is presumed to be familiar with the facts of this action.  Briefly, in May 2015, Ibukun Ogunbekun ("Ogunbekun") commenced this action pursuant to 42 U.S.C. § 1983, alleging that two police officers employed by the Town of Brighton violated the Fourth Amendment rights of his daughter, Oluwatosin Ogunbekun ("Oluwatosin"), an adult with mental disabilities, by subjecting her to excessive force during a mental hygiene arrest on May 29, 2012.  By Decision and Order (ECF No. 90) issued on May 15, 2025, this Court granted summary judgment for Defendants, finding as a matter of law that

1

Defendants had not subjected Oluwatosin to excessive force. (ECF No. 90). On May 16, 2025, the Clerk entered judgment for Defendants.

Ogunbekun's attorney, Anna Marie Richmond ("Richmond"), filed a notice of appeal, but indicated that she would not represent Ogunbekun on the appeal. Ogunbekun then filed a motion for appointment of pro bono appellate counsel, but on November 13, 2025, the United States Court of Appeals for the Second Circuit denied the motion and dismissed the appeal as lacking any arguable basis either in law or in fact. Mandate, ECF No. 94.

On May 13, 2026, Richmond, who is still listed as attorney of record for Ogunbekun on the District Court's docket, filed the subject motion to withdraw as counsel. (ECF No. 95). Richmond's application indicates that she filed the motion at the request of Ogunbekun, who told her that he needed her to file it, since he intended to file a motion for relief from judgment *pro se.* ECF No. 95-1 at ¶ ¶ 13-14.

On May 15, 2026, Ogunbekun, purporting to proceed *pro se*, filed the subject motion to vacate judgment (ECF No. 96), pursuant to Federal Rule of Civil Procedure 60(b)(2)&(3). Ogunbekun's motion contends that the judgment should be vacated for the following reasons: 1) the "HVAC Technician" witnesses who gave statements to the police fabricated their statements and committed fraud when describing their observations of Oluwatosin prior to her arrest; 2) Officer Stickles lied concerning her observations of Oluwatosin to support probable cause for the arrest; 3) there is no evidence that Oluwatosin threatened anyone; 4) the officers were grossly incompetent in how they handled the arrest; and 5) Stickles lied about the training she had received.

2

The motion is supported primarily by statements from Ogunbekun, explaining why he believes that the evidence submitted by Defendants in support of their summary judgment motion was not credible or consistent with what actually occurred (even though he admittedly was not present when many of the key interactions between Oluwatosin and the other witnesses were taking place); photos of the arrest scene obtained from Google Maps and Google Earth; and two documents from defendant Stickle's personnel file unrelated to this action, namely, a Notice of Discipline dated November 18, 2013, charging Stickles with misconduct, and a performance review from December 2012, opining in pertinent part that Stickles had "shown an inability to keep calm under pressure."

## DISCUSSION

### Richmond's Motion to Withdraw is Granted

Richmond's application to withdraw as Ogunbekun's attorney, which was filed at Ogunbekun's request, is granted.  The Court sees no just reason not to grant the request, since Richmond indicates that she and Ogunbekun mutually agreed to end their attorney-client relationship a year ago. ECF No. 95-1 at ¶ 15.

### The Court Already Ruled that Ogunbekun Cannot Represent Oluwatosin

Regarding Ogunbekun's Rule 60(b) motion, the Court finds, first, that the application is not properly before the Court, since, as Ogunbekun admits in the motion, the Court has already ruled that, since he is not an attorney, he cannot represent his daughter's estate *pro se* in this action.[1]  That was the reason he retained Richmond in the first place, and the law on that point has not changed. *See, e.g., Tindall v. Poultney*

---

[1] *See*, Ogunbekun's memo of law, ECF No. 96 at p. 5 ("On June 5, 2015, Judge Charles Siragusa ruled that Dr. Ogunbekun could not represent his daughter since he was not an attorney.").

*High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) ("Although litigants in federal court have a statutory right to choose to act as their own counsel, an individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause. It is thus a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child.") (citations and internal quotation marks omitted). Nor has Ogunbekun shown that any exception to that rule applies. Consequently, the motion is denied for this reason.

<u>The Rule 60(b) Motion Lacks Merit</u>

Alternatively, the motion is denied as lacking merit. Ogunbekun has moved for relief from judgment pursuant to Fed. R. Civ. 60(b)(2)&(3), which rule states, in pertinent part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> ***
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

Fed. R. Civ. P. 60 (Westlaw 2026).[2]

It is quite difficult for a movant to make the showing required by either Rule 60(b)(2) or Rule 60(b)(3).

> Rule 60(b)(2) imposes "an onerous standard" where [a] "movant must demonstrate that (1) the newly discovered evidence was of facts that

---

[2] The rule further provides that motions under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding." *Id.*

4

existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001).

*Pistilli v. First Unum Life Ins. Co.*, No. 24 CIV. 5266 (AKH), 2026 WL 836647, at *1 (S.D.N.Y. Mar. 26, 2026).  Meanwhile,

> [t]o prevail on a motion for a new trial pursuant to Fed.R.Civ.P. 60(b)(3), the movant must show that (1) the adverse party engaged in fraud, misrepresentation or misconduct by clear and convincing evidence and that (2) such misconduct substantially interfered with the movant's ability to fully and fairly present its case. *See Catskill Development, L.L.C. v. Park Place Entertainment Corp.*, 286 F.Supp.2d 309, 312 (S.D.N.Y.2003) (citations omitted). The final question is whether substantial justice outweighs the goal of preserving the finality of judgments. *Id.* (citing *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir.1986)).
>
> Whether to grant a 60(b) motion for relief from a judgment is "committed to the sound discretion of the district court," *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir.2012) (citation and internal quotation marks omitted), and are generally granted only upon a showing of "exceptional circumstances," *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir.2009) (citations omitted). "To grant relief from a final order pursuant to Rule 60(b), a court must find that (1) the circumstances of the case present grounds justifying relief and (2) the movant possesses a meritorious claim in the first instance." *Cobos v. Adelphi Univ.*, 179 F.R.D. 381, 385 (E.D.N.Y.1998).

*Thomas v. City of New York*, 293 F.R.D. 498, 503 (S.D.N.Y. 2013), *aff'd sub nom. Thomas v. McAullife*, 691 F. App'x 671 (2d Cir. 2017).

Even assuming that Ogunbekun could properly bring the motion on behalf of Oluwatosin, the motion clearly lacks merit.  The application fails under 60(b)(2), since it fails to adduce any newly discovered evidence calling into question the Court's grant of

summary judgment to Defendants.  Rather, it relies on evidence that is largely cumulative and/or merely impeaching.

The application also fails under 60(b)(3), since it does not show that Defendants committed fraud, misrepresentation or misconduct at all, let alone by clear and convincing evidence.  The application also fails to show that substantial justice outweighs the goal of preserving the finality of judgments, that exceptional circumstances exist, or that Ogunbekun possesses a meritorious claim in the first instance.  Consequently, the motion is denied.

## CONCLUSION

The motion to allow Richmond to withdraw as attorney (ECF No. 95) is granted, and the Clerk is directed to terminate Richmond as counsel.  Additionally, and for the reasons discussed above, Ogunbekun's Rule 60(b) motion (ECF No. 96) for relief from judgment is denied.

IT IS SO ORDERED.

DATED:     May 20 2026
           Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge